NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY R. CALASCIBETTA, as Liquidating Trustee of U.S. Mortgage Corporation and C.U. National Mortgage LLC, :<br><br>Plaintiff, :<br><br>v. :<br><br>J.H. COHN LLP and JOHN DOES 1-10, :<br><br>Defendants. : | Civil Action No. 11-1743 (SRC)<br><br>**OPINION** |

**CHESLER**, District Judge

This matter comes before the Court upon the motion to remand [docket entry 6] filed by Plaintiff Anthony R. Calascibetta, as Liquidating Trustee of U.S. Mortgage Corporation and C.U. National Mortgage, LLC ("Plaintiff"). Defendant J.H. Cohn LLP ("Defendant") has opposed the motion. This Court has opted to rule based on the papers submitted and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons expressed below, the Court will grant Plaintiff's motion and this action will be remanded to the Superior Court of New Jersey, law division, Middlesex County.

I.  **BACKGROUND**

U.S. Mortgage Corporation ("USM") and its wholly owned subsidiary, C.U. National Mortgage, LLC ("CUNM"), filed voluntary Chapter 11 petitions under the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, on February 23, 2009 and April 1, 2009 respectively.

The Third Amended Joint Plan of Liquidation ("Liquidation Plan") was confirmed by the United States Bankruptcy Court for the District of New Jersey on October 26, 2009 ("Bankruptcy Proceeding").  Pursuant to the Liquidation Plan, a U.S. Creditors Liquidating Trust was created for the benefit USM's and CUNM's creditors and Plaintiff Anthony R. Calascibetta was appointed as the Liquidated Trustee.

Prior to filing for bankruptcy, USM and CUNM had retained Defendant, an accounting firm, to audit their books and records and provide them with various risk management services. Plaintiff, in its Complaint filed in state court, alleges that Defendant's negligence allowed Defendant's president, Michael J. McGrath, to misappropriate and divert company assets.

Subsequently, on or about March 28, 2011, Defendant removed this action pursuant to 28 U.S.C. § 1334(b), on the grounds that the present case is "related to" the Bankruptcy Proceeding. Plaintiff now moves this Court to remand the case to the Superior Court of New Jersey, law division, Middlesex County.

## II.  LEGAL ANALYSIS

### A.  Standard of Review

Upon a motion to remand, the removing party bears the burden of demonstrating that removal was proper.  *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).  The removing party thus bears the burden of proving that jurisdiction is proper in federal court.  *Id.* Further, removal statutes are strictly construed, with all doubts to be resolved in favor of remand. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992).

### B.  Discussion

In its motion to remand, Plaintiff contends that this Court must abstain from hearing this

case on the basis of mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2).[1] The mandatory abstention statute provides, in relevant part:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

"In synopsis, [Section 1334(c)(2)] mandates that (1) where a timely motion is made, (2) the proceeding is based on state law, (3) the proceeding is "related to" a Title 11 case, (4) but not "arising under title 11 or arising in a case under title 11," (5) the action could not have been commenced in federal court absent the bankruptcy jurisdiction, and (6) an action is already commenced and timely adjudication is possible in state court, then the Court *must* abstain from hearing it." *Balcor/Morristown Ltd. P'ship v. Vector Whippany Assocs.*, 181 B.R. 781, 788 (D.N.J. 1995). "Where abstention is appropriate, or required, remand will follow." *Id.*

In its opposition brief, Defendant concedes that almost all of the aforementioned factors for mandatory abstention have been satisfied, solely contesting the timeliness of this action's disposition in state court. According to Defendant, this Court is "likely to adjudicate [Plaintiff's] claims faster than the [Middlesex County Superior Court]." (Def.'s Opp'n Br. at 19, May 16, 2011.) However, the question is "not whether the action would be *more quickly* adjudicated in [this Court] than in state court, but rather, whether the action can be *timely adjudicated* in the state court." *In re Exide Technologies*, 544 F.3d 196, 218 (3d Cir. 2008); *In re Freehand H.J.,*

---

[1] While Plaintiff asserts other bases in which this Court should remand this action, - such as the absence of "related to" jurisdiction, on the grounds of permissive abstention pursuant to 28 U.S.C. § 1334(c)(1), and based on equitable remand the pursuant to 28 U.S.C. § 1452(b) - the Court holds that mandatory abstention is applicable, rendering Plaintiff's other contentions moot.

*Inc.*, No. 07-12172, 2007 Bankr. LEXIS 2089 at *11-12 (Bankr. E.D. Pa. June 19, 2007); *In re Trans World Airlines, Inc.*, 278 B.R. 42, 51 (Bankr. D. De. 2002). Defendant, as the removing party, bears the burden of demonstrating that removal was proper and has failed to offer any evidence as to why this proceeding would not be adjudicated in state court in a timely manner.

Instead, Defendant cites to *Parmalat Capital Fin. Ltd. v. Bank of America*, No. 09-4302, 2011 WL 1365008 at *5 (2d Cir. April 12, 2011), arguing that § 1334(c)(2) timeliness is evaluated under a four-prong test[2] and that analysis under those prongs favors adjudication in this Court. While *Parmalat* has not been cited with approval by the Third Circuit or any court within the Third Circuit, even if this Court were to consider the Second Circuit's timeliness test, state court adjudication would still be appropriate. Although Defendant cites to differences in case disposition times between this Court and New Jersey state courts in its opposition, this paints only a generalized picture. This Court does not see any overwhelming or substantial difference between the two. And, as Defendant neglected to mention in its opposition, in *Parmalat*, the Second Circuit held that while adjudication times shed light on whether the state court can timely adjudicate the matter, the relative adjudication times are not solely determinative. *Id.* Furthermore, there are currently three vacancies out of the seventeen active district judge positions in the District of New Jersey and, while nominations have been made, there is no way to predict when the vacancies will be filled. As such, adding additional cases to this docket present a substantial impact on the Court. Therefore, this action will be remanded to the

---

[2] The factors include: (1) the backlog of the state court's calendar relative to the federal court's calendar; (2) the complexity of the issues presented and the respective expertise of each forum; (3) the status of the title 11 bankruptcy proceeding to which the state law claims are related; and (4) whether the state court proceeding would prolong the administration or liquidation of the estate. *Id.*

Middlesex County Superior Court.

### III.  CONCLUSION

For the foregoing reasons, this Court grants Plaintiff's motion to remand this action.  An appropriate form of order will be filed together with this Opinion.

s/ Stanley R. Chesler<br>
STANLEY R. CHESLER<br>
United States District Judge

DATED: June 6, 2011